**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| James Edward Greer,<br><br>                    Petitioner,<br><br>v.<br><br>Warden Denise Wilson,<br><br>                    Respondent. | Case No. 15-cv-3094 (SRN/FLN)<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

James Edward Greer, #22222-047, FCI-Sandstone, P.O. Box 1000, K-3 Unit, Sandstone, MN 55072, pro se Petitioner.

Lisa D. Kirkpatrick, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, counsel for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Franklin L. Noel dated August 20, 2015 [Doc. No. 10]. The R & R recommends this Court deny Respondent Denise Wilson's ("Respondent") Motion to Dismiss [Doc. No. 8]. (R & R at 27.) Respondent filed timely objections to the R & R ("Obj.") [Doc. No. 11]. Petitioner James Edward Greer ("Petitioner") did not file a response to Respondent's objections.

The Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that *de novo* review, the Court respectfully declines to adopt the R & R's recommendation. Petitioner must seek certification from

1

the Eighth Circuit to bring a second or successive motion under 28 U.S.C. § 2255 in the federal district of his conviction. Presently, this Court lacks jurisdiction to hear his 28 U.S.C. § 2241 habeas petition pursuant to 28 U.S.C. § 2255(e). Respondent's Motion to Dismiss is granted.

I.   BACKGROUND

The factual and procedural history of this matter is well-documented in the R & R and is incorporated herein by reference (See R & R at 2–5.)

**A. Factual and Legal Background**

Petitioner is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (R & R at 2.) In 2008, Petitioner was indicted on a single count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) in the United States District Court for the District of Nebraska. (Id. at 3.) A jury found him guilty and he was sentenced to 188 months of imprisonment. (Id.) Important to this matter, § 922(g)(1) is usually punishable by up to a 10 year prison term. See 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act ("ACCA"), a felon in possession of a firearm with three previous convictions for violent felonies or serious drug offenses may be sentenced to life in prison and **must** be sentenced to at least 15 years in prison. See 18 U.S.C. § 924(e). "Violent felony" carries multiple definitions under the ACCA, but important here is that it includes a conviction for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B). This definition is often referred to as the residual clause.

2

In June 2015, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and therefore invalid under the Constitution's guarantee of due process. Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Johnson did not affect the categories of violent felonies involving "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(e)(2)(B)(i), or burglary, arson, extortion, or crimes involving the use of explosives, 18 U.S.C. § 924(e)(2)(B)(ii). See Johnson, 135 S. Ct. at 2555-56 (confining its vagueness analysis to the residual clause). Furthermore, the Court's holding was not explicitly made retroactively applicable to sentences already imposed under the residual clause. See generally id.

Since being convicted, Petitioner has attempted to challenge his conviction in numerous ways.[1] First, he appealed his conviction and sentence, but they were upheld by the Eighth Circuit. See United States v. Greer, 607 F.3d 559 (8th Cir. 2010). Second, Petitioner filed a motion under 28 U.S.C. § 2255 claiming he was denied effective assistance of counsel, but that motion was denied. See United States v. Greer, No. 8:08CR132, 2012 WL 2958222 (D. Neb. July 19, 2012). Third, Petitioner unsuccessfully sought habeas relief from this Court under 28 U.S.C. § 2241. See Greer v. Wilson, No. 13-cv-3185 (SRN/FLN), 2015 WL 179387, at *1 (D. Minn. Jan. 14, 2015), aff'd (Apr. 14, 2015).

Petitioner's previous challenges are important to the present matter because of

---

[1] However, all of Petitioner's challenges, other than his present 28 U.S.C. § 2241 habeas petition, came **before** Johnson was decided.

how the habeas system is structured.[2]  28 U.S.C. § 2255, which is not technically a habeas statute, requires that federal prisoners challenging the validity of their conviction or sentence do so in the federal district court which sentenced them.  See 28 U.S.C. § 2255(a).  This is in contrast to "true" habeas challenges under 28 U.S.C. § 2241 which are brought in the federal district where the prisoner is incarcerated.  See 28 U.S.C. § 2241(a)–(b); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000) (collecting cases).  In fact, a district court is without jurisdiction to hear a habeas petition under § 2241 challenging the validity of a federal prisoner's conviction or sentence if that prisoner "is authorized to apply for relief" under § 2255.  See 28 U.S.C. § 2255(e); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The only exception to this rule is where § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention."  28 U.S.C. § 2255(e).  This is commonly referred to as the savings clause.  However, the scope of the savings clause is very limited.  (See R & R at 11–17.)

When a federal prisoner looks to challenge his sentence or conviction in a second or successive motion under § 2255, he must first have that motion certified by the court of appeals for the district in which he was convicted.  28 U.S.C. § 2255(h).  Relevant to Petitioner's case, a court of appeals will only certify a second or successive § 2255 motion if its challenge is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Without this certification, a prisoner may not pursue a second or

---

[2] The Magistrate Judge provided an informative history of the law surrounding writs of habeas corpus.  (See R & R at 5–10.)  The Court focuses on the present structure of the habeas system here.

4

successive § 2255 motion. See 28 U.S.C. § 2255(h). Since Petitioner previously challenged his conviction/sentence under § 2255, any future challenge under this statute would require the aforementioned certification. Importantly, there is no indication Petitioner has sought certification under § 2255(h)(2) to bring his Johnson challenge.

Instead, Petitioner challenges the validity of his sentence under Johnson through a § 2241 habeas petition. (Petitioner's Mot. Pursuant to 28 U.S.C. §§ 2241, 2255(e) ("Pet.") at 1 [Doc. No. 1].) Petitioner alleges that, in light of Johnson, he was unconstitutionally subjected to a 15 year mandatory minimum sentence under the ACCA. (Pet. at 1; see Ex. C to Pet., Sentencing Transcript, at 4, 15 [Doc. No. 1-3].) He claims his prior convictions consisted of burglary, assault, and robbery. (Pet. at 8; see Ex. C at 4, 15.) According to Petitioner, "none of these three charges should have been considered violent felonies . . . under the [ACCA]."[3] (Pet. at 8.) He filed for a writ of habeas corpus under 28 U.S.C. § 2241 asking that he be resentenced pursuant to the Johnson decision. (Id. at 12.) Petitioner appears to be the first federal prisoner to challenge his conviction and sentence through Johnson by seeking a writ of habeas corpus under § 2241 in the District of Minnesota. (See R & R at 4; Pet.)

**B. Procedural Background**

Given that Petitioner's habeas petition appears to raise an issue of first impression

---

[3] The Court notes that Petitioner appears to be mistaken about the scope of the Johnson decision. For instance, Johnson did not invalidate burglary as a qualifying prior offense under 18 U.S.C. § 924(e)(2)(B)(ii), or change the interpretation of that term/offense. However, the merits of Petitioner's claims related to his sentence in light of Johnson are not before this Court. Evaluating the merits of Petitioner's claims is a task for the court which sentenced him, pursuant to 28 U.S.C. § 2255, as described below.

and "presents difficult procedural issues," the Magistrate Judge ordered Respondent to answer the following questions:

1. May Greer or any other prisoner raise a claim arising under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in a second or successive motion under 28 U.S.C. § 2255?  In other words, is the premise of Greer's habeas claim "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"?  28 U.S.C. § 2255(h)(2).

2. If Greer may not raise his claim under Johnson in a second or successive motion under § 2255 in the district of conviction (after authorization from the Eighth Circuit), may Greer pursue the claim in a petition for habeas relief in this District pursuant to the savings clause of 28 U.S.C. § 2255(e)?

3. Was Greer's conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e), predicated upon one or more prior convictions for crimes deemed to be violent felonies only due to the operation of the "residual clause" of § 924(e)(2)(B)(ii)?

(Order to Answer, dated July 21, 2015 at 1–2 [Doc. No. 3].)

Respondent filed a motion seeking an extension of time to respond to Petitioner's habeas petition.  (Motion for Extension of Time dated August 4, 2015 [Doc. No. 5].)  In support, Respondent noted Petitioner's previous § 2241 petition, the newness of the <u>Johnson</u> decision, and that guidance from the United States Department of Justice on <u>Johnson</u> was pending.  (Mot. for Ext. of Time at 1–2.)  Respondent also questioned whether <u>Johnson</u> would affect Petitioner's classification as an armed career criminal under the ACCA.  (<u>Id.</u> at 2.)  The Magistrate Judge denied this motion, finding the risk of prejudice in delay to be too great.  (Order dated August 6, 2015 [Doc. No. 7].)

Respondent next filed a motion to dismiss.  (Mot. to Dismiss.)  In that motion, Respondent argued the Court lacked subject matter jurisdiction over Petitioner's § 2241

6

petition because a second or successive motion under § 2255 was available and provided an adequate and effective means for Petitioner to raise his Johnson challenge. (See generally Mot. to Dismiss.) Specifically, Respondent contends that his Johnson challenge meets all the requirements for a federal prisoner to obtain certification for a second or successive motion under § 2255(h)(2). (Id. at 4–5.) Petitioner filed a response to the Motion to Dismiss, arguing that because the Supreme Court had not explicitly made Johnson retroactive under § 2255, he was barred from obtaining the certification required under § 2255(h)(2) for a second or successive motion under that statute. (Petitioner's Motion Opposing the Government's Response ("Pet'r's Resp.") at 3–4 [Doc. No. 9].) Thus, according to Petitioner, § 2255 was an inadequate and ineffective means for him to challenge his detention, giving this Court subject matter jurisdiction to consider his § 2241 habeas petition. (Id. at 4.)

### C. R & R's Recommendations and Respondent's Objections

The R & R ultimately agreed with Petitioner, recommending that the Court find it has jurisdiction over his § 2241 habeas petition and deny Respondent's Motion to Dismiss. (R & R at 27.) To reach this conclusion, the Magistrate Judge first found Petitioner had a substantive claim, allowed under the savings clause of § 2255(e), to challenge his sentence based on Johnson.[4] (See id. at 10–17.) Respondent does not

---

[4] Because Petitioner has not applied for certification under § 2255(h)(2), this Court need not decide whether Petitioner's Johnson challenge to the validity of his sentence qualifies under the savings clause. If Petitioner is denied § 2255(h)(2) certification by the Eighth Circuit on the basis that Johnson is not retroactively applicable, he could re-assert his § 2241 habeas petition arguing his Johnson challenge fell within the savings clause of § 2255(e).

dispute this determination. (See generally Obj.)

The R & R then turned to the issue of whether, procedurally, Petitioner could bring a second or successive motion under § 2255 based on Johnson. (See R & R at 17–27.) Relying heavily on Tyler v. Cain, 533 U.S. 656 (2001) the Magistrate Judge concluded that Petitioner could not have his second § 2255 motion certified pursuant to § 2255(h)(2) because the new constitutional rule established in Johnson was not explicitly made retroactive by the Supreme Court.[5] (See R & R at 20–22.) Without the ability to obtain certification of his second § 2255 motion, the R & R found that § 2255 did not provide an adequate or effective means for Petitioner to challenge his detention and, therefore, the Court had jurisdiction to consider Petitioner's § 2241 habeas petition. (See id. at 27.)

Respondent objects to the Magistrate Judge's conclusion regarding the retroactivity of Johnson. (See Obj. at 7–11.) Citing Teague v. Lane, 489 U.S. 288, (1989), Respondent argues that Johnson's new constitutional rule regarding the invalidity of the residual clause of the ACCA is a substantive rule, meaning it is retroactively applicable. (See Obj. at 8.) Thus, according to Respondent, Petitioner can obtain the necessary § 2255(h)(2) certification and bring his Johnson challenge under § 2255.[6] (Id.

---

[5] Petitioner's position on the retroactive applicability of Johnson is unclear. (See Petition at 6 (arguing Johnson is retroactively applicable); Pet'r's Resp. at 3 (arguing the Supreme Court did not make Johnson retroactively applicable, but claiming it is retroactive as a substantive rule).)

[6] Section 2255 requires a federal prisoner's second or successive motion be based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Petitioner,

at 12.)  Respondent contends that since § 2255 provides an adequate and effective means to test the legality of his detention, this Court lacks jurisdiction to consider Petitioner's § 2241 habeas petition.  (Id.)

## II.     DISCUSSION

The issue before the Court is whether Johnson is retroactively applicable under § 2255(h)(2).  If it is not, then § 2255 might not provide Petitioner with an adequate or effective means to raise his Johnson challenge because Petitioner could not obtain the certification necessary to bring a second or successive § 2255 motion.  However, if Johnson is retroactively applicable, Petitioner would be entitled to certification of his second § 2255 motion and this Court would lack jurisdiction to hear his pending § 2241 habeas petition.  See 28 U.S.C. § 2255(e), 28 U.S.C. § 2241(a)–(b).

After the R & R and Respondent's objections were filed, the Eighth Circuit took up Johnson's retroactivity in the context of certification for a second or successive motion under § 2255(h)(2).  See Woods v. United States, No. 15-3531, (8th Cir. Nov. 20, 2015) (per curiam).[7]  The Court of Appeals recognized the growing split in the circuits about Johnson's retroactive application.  Id. at 3.  However, the Court also noted that where the government conceded retroactivity of a Supreme Court rule, the Eighth Circuit

---

Respondent, and the Magistrate Judge agree that Johnson is a "new rule of constitutional law" that "was previously unavailable" to Petitioner.  (See R & R 18–19; see generally Obj.; P.'s Resp.)  This leaves only Johnson's retroactivity in dispute.

[7] As of the writing of this opinion, Woods has yet to be picked up by one of the major case publishing companies.  The opinion can be viewed here: http://media.ca8.uscourts.gov/opndir/15/11/153531P.pdf.  All citations here reference the page numbers in that opinion.

deemed this enough for certification under § 2255(h)(2).  Id. at 3–4.  Because the government conceded Johnson was retroactively applicable, the Eighth Circuit granted the petitioner's successive § 2255 motion.  Id.

Here, the facts are identical to those in Woods.  Respondents do not just concede Johnson is retroactively applicable—they vigorously argue that it is.  The Eighth Circuit has evidenced its willingness to certify second or successive § 2255 motions on this basis.  Thus, because Petitioner can obtain certification under § 2255(h)(2), this Court lacks jurisdiction to consider his § 2241 habeas petition.  Petitioner is urged to promptly seek certification for his second or successive § 2255 motion since such motions must be brought within one year of the new rule's announcement.  See 28 U.S.C. § 2255(f).

### III.  ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court respectfully **DECLINES TO ADOPT** the Report and Recommendation [Doc. No. 10];

2. Respondent's Motion to Dismiss [Doc. No. 8] is **GRANTED**; and

3. Petitioner's Motion Pursuant to 28 U.S.C. §§ 2241, 2255(e) [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 23, 2015         s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge